## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

VENUS FASHION, INC.,

      Plaintiff,

v.

CONTEXTLOGIC INC.,                   Civil Action No.:
and                                  Honorable:
WISH, INC.

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Venus Fashion, Inc. ("Venus"), by and through its undersigned attorneys, Dykema Gossett PLLC, sues Defendants ContextLogic Inc. and Wish, Inc. (collectively, "Wish") and alleges:

## NATURE OF THE SUIT

1. This case arises out of Wish's unauthorized use of Venus's original photographic creations of Venus's clothing designs that are registered with the United States Copyright Office (the "Images"). Copies and derivative versions of these Images (the "Infringing Photographs") were used on Wish's competing website located at www.wish.com, Wish's mobile application, Wish's promotional and marketing materials, and Wish's other social media postings without the permission or authorization of Venus.

2. Venus files this lawsuit for copyright infringement under 17 U.S.C. §101, *et. seq.*

## THE PARTIES

3.      Venus is a Delaware corporation with its principal place of business at 11711 Marco Beach Drive, Jacksonville, Florida 32224.

4.      Venus, its affiliates and subsidiaries, is the creator, owner, and publisher of the Images and has exclusive rights to the Images, including those listed in Composite Exhibit A.

5.      ContextLogic Inc. is a Delaware corporation registered to transact business in California with its principal place of business at 1 Sansome, 40th Floor, San Francisco, CA 941014.  Upon information and belief, ContextLogic is the parent company for Wish, Inc. ContextLogic is listed as the registrant and administrator for the www.wish.com website and ContextLogic's name appears in the Wish Privacy Policy (https://www.wish.com/privacy_policy) and Terms of Service (https://www.wish.com/terms).  Upon information and belief, ContextLogic is also involved in the development of the www.wish.com website and mobile applications and continues to be involved in the operation of Wish.

6.      Wish, Inc. is California corporation with its principal place of business at 820 Harmony Place, Milpitas, CA 95035, and, upon information and belief, conducts business through and operates the www.wish.com website, develops and operates at least one of the Wish mobile applications and controls other social media outlets for Wish.

## JURISDICTION AND VENUE

7.      This court has jurisdiction over the copyright claims pursuant to 28 U.S.C. §§1331 and 1338. Venus is the owner of all right, title and interest in and to the copyrights in

the Images and the copyright registrations therefor, Reg. Nos. TX0008161774 and TXu 1-987-646, which are the registration of photographs created and owned by Venus. A copy of the Registration Certificates and samples are attached hereto as Composite Exhibit A.

8.      This court has personal jurisdiction over Wish, because Wish conducts substantial business in the District through a fully interactive website, mobile application and other social media, has and is knowingly and intentionally engaging in tortious acts within the District, and has and is knowingly and intentionally engaged in tortious acts expressly aimed at this District and which cause injury within this District.

9.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§1391 and 1400.

<u>VENUS AND VENUS'S OWNERSHIP OF THE IMAGES</u>

10.      Venus is a Florida-based fashion business created in 1982 by Doyle Scott in his college dorm room. Venus, which began in the business of creating competition bodysuits, has grown into a highly successful women's swimwear and clothing designer and developer. Venus designs and develops its products, processes orders, and markets its products all from its operations in Florida.  Venus employs over 650 people in the State of Florida.

11.      In the course of operating its fashion business, Venus created the Images of its fashion designs. Accordingly, Venus owns all copyrights in and to the Images.

12.      Venus registered the Images with the United States Copyright Office (the "Copyright Office") under registration numbers TX 0008161774 on February 23, 2016, and TXu 1-987-646, registered April 14, 2016.

13.     Venus displays the Images in several locations, including on its website at www.venus.com and in its catalog, as part of its online retail operations.

## WISH'S UNAUTHORIZED USE OF VENUS'S IMAGES

14.     Wish provides an online and mobile shopping marketplace. Users can access Wish through the internet at www.wish.com or by using an Apple or Android app.

15.     Upon information and belief, both Wish and third party merchants list products on the Wish marketplace including by using the infringing photographs ("Infringing Photographs").  On its website, Wish states that it receives a portion of the proceeds of each merchant sale that occurs on Wish's marketplace.

16.     As a part of its business, Wish promotes its marketplace through promotional emails, banner ads and other communications.

17.     Numerous Venus Images have been copied and displayed on the Wish marketplace to advertise competing goods-often of inferior quality and at deep discounts from the Venus goods. As illustrated below, the Infringing Photographs displayed on Wish are either identical to Venus Images displayed on the Venus website or substantially similar (*e.g.*, the head of the model may be chopped off, the product is photo-shopped a different color, or the image flipped to mirror the original image).



18.    In addition to displaying the Infringing Photographs on its website, Wish also uses the Infringing Photographs in various promotional materials including emails directly sent to customers or potential customers, banner ads, Facebook listings and other social media outlets.

19.    Upon information and belief, Wish has developed and utilizes a proprietary algorithm and other technological means to copy and repeatedly display images, including the Infringing Photographs, of products viewed by potential customers.  Wish then pushes

the copied and repeatedly displayed images to multiple uses, including display on the Wish website, mobile app, Facebook pages, other social media postings, promotional emails by Wish and banner ads.  For example, the following two pictures show a Wish promotional email and a page from Wish's website, both of which display an Infringing Photograph:



Wish promotional email with Infringing Photograph



Wish website customer login screen with Infringing Photograph

20.     Wish has a copyright infringement policy stating that Wish is allegedly committed to removing infringing material upon receipt of notification of infringement. On its website, Wish states it will remove and disable access to infringing material upon receipt of proper notice of copyright infringement.

21.     Venus has received numerous complaints of actual confusion from Venus customers who believed that they were purchasing Venus products from Wish because Wish displayed Infringing Photographs only to find out that the merchandise purchased was of poor quality and looks nothing like the Infringing Photographs.

**VENUS LEARNS OF WISH'S UNAUTHORIZED USE OF ITS IMAGES**

22.     On or about March 2016, Venus became aware that its Images were copied and displayed publically on the Wish website without permission or authorization from Venus.

23.     On or about March 21, 2016, Venus, following Wish's copyright infringement policy, notified Wish by email at brand-protection@wish.com that seven Infringing Photographs displayed on the Wish website were protected by Venus's copyrights including TX 0008161774 ("March Correspondence").

24.     Elisa Brydum, an employee of Wish who is listed as Wish's Copyright Infringement Agent, replied via email informing Venus that Wish is adamantly against counterfeiters, that the links with Infringing Photographs from the Wish website were to be removed, and invited Venus to become a brand partner.

25.     While Wish removed some of Infringing Photographs from the Wish website, many of the Infringing Photographs remained on Wish's website. Wish also continued to display the Infringing Photographs in its promotional emails, banner ads, welcome displays, social media pages, and more.

26.     On March 24, 2016, Venus again notified Wish of Venus's copyrights for the Infringing Photographs and the continued unauthorized use of Venus's Images on the Wish website.

27.     On March 30, 2016, Wish responded with an email almost identical to the March 24, 2016 email stating that the company is adamantly against counterfeiters, that links

with Infringing Photographs from the Wish website were to be removed, and invited Venus to become a brand partner.

28.     Again, Wish removed several of the Infringing Photographs. However, many Infringing Photographs remained, and Wish continued to publicly display the Infringing Photographs on its promotional emails, banner ads, welcome displays, social media pages, and more.

29.     On June 1, 2016, Venus's counsel sent a letter to Ms. Brydum at Wish via mail and electronic mail (to both of the addresses used in the March correspondence by Ms. Sheffler, brand-protection@wish.com and Elisa@wish.com) notifying Wish of the continued unauthorized use of Infringing Photographs on the www.wish.com website (the "June 1 Letter").  The June 1 Letter included 21 screenshots that included Infringing Photographs from the wish.com website, email promotions and other locations, including several of the Infringing Photographs identified in the March Correspondence that had never been taken down.  Venus made several demands including for Wish to take down the Infringing Photographs and provide an explanation as to why Wish did not properly address its prior and continued infringement.  In particular, Venus demanded that Wish cease and desist all use of the Infringing Photographs, destroy the Infringing Photographs, and provide the contact information for any supplier who posted a Venus Image or any customer who bought a product that was advertised using a Venus Image.

30.     Despite being provided screen shots that included the complete description of the items to be sold, Wish replied to Venus requesting full web addresses for the reported postings and, yet again, invited Venus to become a brand partner.

31.     In response, Venus's counsel identified the full web address for several of the postings that had Infringing Photographs and renewed its request for compliance with Venus's demands from the June 1 Letter. Counsel also expressed concern that given Wish's difficulty in taking down the Infringing Photographs that becoming a brand partner has been, and would continue to be, insufficient to prevent further infringement.

32.     Wish responded again in a June 1, 2016 email, by providing the contact information for the merchants allegedly associated with the six listings that included the Infringing Photographs on the Wish website and mobile application (the "Merchants"). However, Wish did not state whether the Merchants or Wish had actually posted the Infringing Photographs – and did not identify any other party who may have posted the Infringing Photographs.  Therefore, upon information and belief either Wish or the Merchants posted the Infringing Photographs on the Wish marketplace.

33.     Later on June 1, 2016, Wish sent another email which confirmed that it had no current technology in place to try to identify and remove Infringing Photographs. Instead, Wish said that "we are creating an image match system that will fingerprint the images and automatically prevent merchants from uploading those products again. We are excited for the upcoming launch of this feature and hope that it will further positive relationships with you and other brand owners."

34.     On June 2, 2016, Venus informed Wish that Venus continued to be concerned about Wish's efforts to stop its infringing activities because: 1) two of six links that Wish represented would be taken down were still up and operating; 2) Wish was now posting Infringing Photographs on the Wish website sign-in page; and 3) Wish was also posting

Infringing Photographs on the Wish Facebook page to encourage potential customers to download the Wish mobile application from the iTunes store or go to the Wish website. Venus pointed out the posting of the Infringing Photographs on the website sign-in page and Facebook page are unquestionably done by Wish, while insisting Wish comply with its demands from the June 1 Letter.

35.     On June 3, 2016, Wish sent Venus an email acknowledging the use of the Infringing Photographs on the Wish sign-in page because the sign-in page is customized to user search results by an algorithm developed and operated by Wish that redisplays images that the user had looked at previously.

36.     Wish also indicated that Wish would eventually remove the Infringing Photographs from this customized customer experience as it improved its brand protection program but gave no indication of when that would occur. Wish again referenced Wish's brand partner protection program and asked that all requests include a link of items reported through the program.

37.     At the time of the filing of this lawsuit, Wish continues to display many of the same Infringing Photographs that Venus's counsel identified as far back as March. Moreover, Wish has added many new Infringing Photographs to its website and other social media platforms.  Based on an investigation completed by Venus on July 8, 2016, there are approximately 100 Infringing Photos just listed on Wish's website.  These photographs are not capable of a substantial noninfringing use.

38.     At no time did Venus grant or Wish obtain permission or authorization from Venus to use, alter, display, or distribute its Images or any part thereof in any manner.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

39.     Venus incorporates by reference the allegations in paragraphs 1-38 above as if fully set forth herein.

40.     Venus created the Images and owns valid protectable copyrights in the Images. Venus registered the Images with the United States Copyright Office. The Copyright Registration numbers are TX 8-161-774 and TXu 1-987-646.

41.     Wish had access to and copied the copyrighted Images and displayed photographs substantially similar or identical to, or derivative works of, those Images on the Wish website, mobile application, social media pages, promotional emails, banner ads, and other locations.

42.     Venus notified Wish of Wish's unauthorized use of the Infringing Photographs, and Wish repeatedly acknowledged the unauthorized use of Infringing Photographs by Wish and the merchants.

43.     Wish developed and operates an algorithm, which continues copying and recycling the Infringing Photographs resulting in widespread usage of the Infringing Photographs on several platforms including the Wish website, mobile application, and the website sign in page, promotional emails, advertisements, and social media pages. Wish has the right and ability to operate, modify, and stop operation of the algorithm.

44.     The use of the Infringing Photographs by Wish and its algorithm drives potential customers to the Wish website and mobile application increasing Wish's sales traffic, providing a financial interest for the continued use.

45.     The acts of Wish constitute willful direct infringement of Venus's copyrights of the Images in violation of United States copyright laws, of 17 U.S.C. §§ 106 and 501.

46.     Each such infringement by Wish constitutes a separate and distinct act of infringement.

47.     Venus has suffered actual and irreparable injury for which no adequate remedy exists at law, as a direct and proximate cause of Wish's unauthorized use of the Infringing Photographs. Unless enjoined, Wish will continue to irreparably damage Venus.

48.     Venus is entitled to, pursuant to 17 U.S.C. §502, temporary and permanent injunctive relief restraining and enjoining Wish and any affiliated persons or businesses from infringing on Venus's copyrights of the Images.

49.     Pursuant to 17 U.S.C. §504, Venus is entitled to recover, at its election: 1) all damages sustained as a result of Wish's unlawful conduct including Venus's actual damages and any profits of Wish that are attributable to the infringement and are not a part of Venus's actual damages; or 2) statutory damages in the amount of $150,000 for each and every act of infringement.

50.     Venus has retained the undersigned counsel and is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

51.     Venus incorporates by reference the allegations in paragraphs 1-38 above as if fully set forth herein.

52.     Venus created the Images and owns valid protectable copyrights in the Images. Venus registered the Images with the United States Copyright Office. The Copyright Registration numbers are TX 8-161-774 and TXu 1-987-646.

53.     In addition to direct infringement by Wish, Wish's merchants also directly infringe on protectable copyrights in the Images created and owned by Venus by copying and uploading the Infringing Photographs to Wish's website for the sole purpose of selling goods.

54.     The Infringing Photographs have no substantial noninfringing uses.

55.     Wish induces, causes, or materially contributes to the direct infringement of the Venus copyrighted Images by Wish merchants in multiple ways, including promoting its profit sharing model.

56.     Venus notified Wish of unauthorized use of the Infringing Photographs by Wish and the merchants. Wish repeatedly acknowledged the unauthorized use of Infringing Photographs by Wish and the merchants.

57.     Wish continues to operate its proprietary algorithm, which continues copying and redisplaying the Infringing Photographs resulting in widespread usage of the Infringing Photographs by Wish and the merchants on several platforms. Wish has the right and ability to operate, modify, and stop operation of the algorithm.

58.     The use of the Infringing Photographs by Wish, the merchants, and its algorithm drives potential customers to the Wish website and mobile application increasing Wish's sales traffic, providing a financial interest for the continued use.

59.     The acts of Wish constitute contributory infringement of the Venus copyrights in violation of United States copyright laws, of 17 U.S.C. §§ 106 and 501.

60.     Each such infringement by Wish of the Images constitutes a separate and distinct act of infringement.

61.     Venus has suffered actual and irreparable injury for which no adequate remedy exists at law, as a direct and proximate cause of Wish's contributory infringement of the Images. Unless enjoined, www.wish.com will continue to irreparably damage Venus.

62.     Venus is entitled to, pursuant to 17 U.S.C. §502, temporary and permanent injunctive relief restraining and enjoining Wish and any affiliated persons or businesses from infringing on Venus's copyrights of the Images.

63.     Pursuant to 17 U.S.C. §504, Venus is entitled to recover, at its election: 1) all damages sustained as a result of Wish's unlawful conduct including Venus's actual damages and any profits of Wish that are attributable to the infringement and are not a part of Venus's actual damages; or 2) statutory damages in the amount of $150,000 for each and every act of infringement.

64.     Venus has retained the undersigned counsel and is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

**COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT LIABILITY**

65.     Venus incorporates by reference the allegations in paragraphs 1-38 above as if fully set forth herein.

66.     Venus created the Images and owns valid protectable copyrights in the Images. Venus registered the Images with the United States Copyright Office. The Copyright Registration numbers are TX 8-161-774 and TXu 1-987-646.

67.     In addition to direct infringement by Wish, Wish's merchants also directly infringe on protectable copyrights in the Images created and owned by Venus by copying and uploading Infringing Photographs to Wish's website for the sole purpose of selling goods.

68.     These photographs are not capable of a substantial noninfringing use.

69.     Venus notified Wish of unauthorized use of Infringing Photographs by Wish and the merchants. Wish repeatedly acknowledged the unauthorized use of Infringing Photographs by Wish and the merchants.

70.     Despite its right and ability to remove the Infringing Photographs, Wish failed to remove all of the Infringing Photographs from its website and mobile app after receiving notice of the unauthorized use of the Infringing Photographs by Wish and the merchants.

71.     The use of the Infringing Photographs by Wish, the merchants, and its algorithm drives potential customers to the Wish website and mobile application increasing Wish's sales traffic. Wish receives a portion of the proceeds of each sale on the Wish website and mobile app, providing a financial interest for the continued use of the Infringing Photographs.

72.     The acts of Wish constitute vicarious liability copyright infringement of the Venus copyrights in violation United States copyright laws, 17 U.S.C. §§ 106 and 501.

73.     Each such infringement by Wish constitutes a separate and distinct act of infringement.

74.     Venus has suffered actual and irreparable injury for which no adequate remedy exists at law, as a direct and proximate cause of Wish's vicarious copyright

infringement liability. Unless enjoined, www.wish.com will continue to irreparably damage Venus.

75.     Venus is entitled to, pursuant to 17 U.S.C. §502, temporary and permanent injunctive relief restraining and enjoining Wish and any affiliated persons or businesses from infringing on Venus's copyrights of the Images.

76.     Pursuant to 17 U.S.C. §504, Venus is entitled to recover, at its election: 1) all damages sustained as a result of Wish's unlawful conduct including Venus's actual damages and any profits of Wish that are attributable to the infringement and are not a part of Venus's actual damages; or 2) statutory damages in the amount of $150,000 for each and every act of infringement.

77.     Venus has retained the undersigned counsel and is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiff Venus respectfully requests this court to:

i)      enter a preliminary and permanent injunction requiring Defendants Wish, Inc., ContextLogic Inc., and any other affiliated person or business to:

a)      remove all Infringing Photographs from the Wish website; mobile application; website sign-in page; mobile application sign-in page; social media pages, including but not limited to Facebook; promotional materials, emails, and messages; online and print advertisements; and any other use;

b)      cease and desist using the Infringing Photographs on the Wish website; mobile application; website sign-in page; mobile application sign-in page; social media

pages, including but not limited to Facebook; promotional materials, emails, and messages; online and print advertisements; and any other use;

   c)  modify the Wish algorithm to exclude the Infringing Photographs from use, and if unable to immediately modify the algorithm to exclude Infringing Photographs, cease and desist operating the algorithm until it can be modified to exclude the Infringing Photographs from use;

   d)  destroy all copies of the Infringing Photographs, Venus Images, and any materials containing the Infringing Photographs or Venus Images, including digital and electronic copies, within the possession, custody, or control of Wish, Inc., ContextLogic Inc., and any other affiliated person or business;

   e)  prohibit transfer of the www.wish.com domain name during the pendency of this action; and

   f)  prevent the transfer of Defendants' assets during the pendency of this action.

  ii)  Enter a judgment awarding Venus, at its election: 1) all damages sustained as a result of Wish's unlawful conduct including Venus's actual damages and any profits of Wish that are attributable to the copyright infringement and are not a part of Venus's actual damages; or 2) statutory damages in the amount of $150,000 for each and every act of infringement;

  iii)  award pre- and post- judgment interest according to law;

  iv)  award Venus its reasonable attorneys' fees and costs; and

  v)  grant such other and further relief as this Court deems just and proper.

Dated: July 14, 2016

Respectfully submitted,

By: */s/ Peter A. Chiabotti*

**DYKEMA GOSSETT PLLC**
Allan Gabriel
*Pro Hac Vice Pending*
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: 213-457-1800
Facsimile: 213-457-1850
agabriel@dykema.com

Aaron D. Charfoos
*Pro Hac Vice Pending*
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL  60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155
acharfoos@dykema.com

David Otero
Florida Bar No. 651370
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
david.otero@akerman.com

Peter A. Chiabotti
Florida Bar No. 0602671
Akerman LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL  33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
peter.chiabotti@akerman.com
*Attorneys for Plaintiff Venus Fashion, Inc.*